UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHY HAYWOOD and LIA HOLT, on behalf of themselves and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.  3:16-cv-1087-DRH-SCW |
| | JURY TRIAL DEMANDED |
| MASSAGE ENVY FRANCHISING, LLC, | |
| Defendant. | |

**AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................... 1

PARTIES ..................................................................................................................... 1

JURISDICTION AND VENUE ................................................................................... 2

FACTUAL ALLEGATIONS CONCERNING DEFENDANT'S LIABILITY ............................. 2

    Massage Envy's Offer of a One-Hour Massage Session ..................................... 4

    Massage Envy's "Disclaimer Page" and Its Links ............................................ 5

    Massage Envy's Video:  "My First Massage EVER: What You Should Expect" ............. 8

    Massage Envy's "Step-by-Step Guide" ........................................................... 11

    Massage Envy's Web Page, "Customize your Massage Session".................... 15

    Massage Envy's FAQs.................................................................................... 17

    Massage Envy's Web Pages for Individual Facilities...................................... 17

    Massage Envy's E-Gift Cards........................................................................ 20

    Massage Envy's Display Materials................................................................. 21

    The One Statement on Its Website Where Massage Envy Reveals the Actual Length of a One-Hour Massage is Virtually Impossible to Find ....................................... 22

    Massage Envy's Pricing Card Includes a Statement About the Actual Length of a Massage that is Difficult to Find and Read..................................................... 28

    Massage Envy Used to Disclose at the Top of Its Home Web Page How Long the Massage Lasts, But It Has Made that Information Progressively More Difficult To Find ....................................................................................................... 29

    Massage Envy Told Its *Members* that a One-Hour Massage Lasts Only 50 Minutes ...... 34

Massage Envy's Competitor MassageLuxe Freely Discloses that a One-Hour Session Provides a 50-Minute Massage .......................................................................................... 35

Massage Envy Changed Its Website After this Lawsuit Was Filed and Removed All the Above Deceptive Statements ................................................................................... 37

PLAINTIFF ALLEGATIONS ......................................................................................... 47

Kathy Haywood ................................................................................................. 47

Lia Holt ............................................................................................................. 49

MASSAGE ENVY'S ACTS AND PRACTICES VIOLATE ETHICAL STANDARDS ........... 50

THE ILLEGALITY OF MASSAGE ENVY'S PRACTICES UNDER THE ICFA ................... 54

Massage Envy's Acts and Practices Violate the ICFA's Prohibitions of Deception ........ 54

Massage Envy's Acts and Practices Violate the ICFA's Prohibitions of Omissions of Material Facts ..................................................................................................... 54

Massage Envy's Acts and Practices Are Unethical in Violation of the ICFA's Prohibitions of Unfairness ................................................................................... 55

THE ILLEGALITY OF MASSAGE ENVY'S PRACTICES UNDER THE MMPA ................. 55

Massage Envy's Acts and Practices Violate the MMPA's Prohibitions of Deception ..... 56

Massage Envy's Acts and Practices Violate the MMPA's Prohibitions of Omissions of Material Facts ..................................................................................................... 56

Massage Envy's Acts and Practices Are Unethical in Violation of the MMPA's Prohibitions of Unfairness ................................................................................... 56

CLASS ACTION ALLEGATIONS ................................................................................. 57

JURY DEMAND ........................................................................................................... 59

COUNT I:  AFFIRMATIVE DECEPTION IN VIOLATION OF THE ICFA ........................... 59

COUNT II:  OMISSIONS OF MATERIAL FACT IN VIOLATION OF THE ICFA ............... 60

COUNT III:  UNFAIR PRACTICES IN VIOLATION OF THE ICFA ...................................... 62

COUNT IV:  AFFIRMATIVE DECEPTION IN VIOLATION OF THE MMPA ...................... 64

COUNT V:  OMISSIONS OF MATERIAL FACT IN VIOLATION OF THE MMPA ............. 66

COUNT VI:  UNFAIR PRACTICES IN VIOLATION OF THE ICFA ..................................... 67

PRAYER FOR RELIEF ............................................................................................................ 69

**TABLE OF EXHIBITS**

**Exhibit**                                                                                                    **Paragraph**

A – Massage Envy Pricing Card ...................................................................69, 129

B – Email to Plaintiff from Massage Envy (2-13-16)..................................120

C – Plaintiff's Electronic Gift Card ............................................................122

D – Plaintiff's Massage Envy Wellness Plan (5-11-16) .............................126

E – Plaintiff's Massage Envy Wellness Plan (9-8-16)................................130

F – Plaintiff's Massage Envy Receipt (9-8-16) ..........................................130

G – Direct Marketing Association, *Guidelines for Ethical Business Practice* (May 2011) ........137

H – Direct Marketing Association, *Guidelines for Ethical Business Practice* (January 2014)...137

I – Direct Marketing Association, *Do the Right Thing: A Companion to DMA's Guidelines for Ethical Business Practice* (January 2009) ................................................................140

COME NOW Kathy Haywood and Lia Holt ("Plaintiffs"), on behalf of themselves and all others similarly situated, and for their Amended Class Action Complaint against Massage Envy Franchising, LLC ("Massage Envy"), allege upon personal knowledge as to their own acts and upon information and belief (based on the investigation of counsel) as follows:

## INTRODUCTION

1.      Plaintiffs bring this class action on behalf of themselves and similarly situated consumers because of Massage Envy's deceptive and unfair acts and practices in offering and selling what it stated were one-hour massages or "massage sessions" that provided no more than 50-minutes of massage time and deceptively and unfairly compelled consumers to pay Massage Envy for the time they spent being interviewed by the massage therapist, dressing and undressing, and waiting for the massage therapist to appear.

2.      These acts and practices were deceptive in violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.* and the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010 *et seq.*  They also violated ICFA and MMPA because they were unfair in that they violated accepted principles of unethical conduct.

## PARTIES

3.      Plaintiff Kathy Haywood is a resident of East St. Louis in St. Clair County, Illinois, who purchased one-hour massages from the Massage Envy location in O'Fallon, Illinois, on or about May 11, 2016, and September 8, 2016, but received massages that were no longer than 50 minutes.

4.      Plaintiff Lia Holt is a resident of Valley Park in St. Louis County, Missouri, who purchased a one-hour massage from the Massage Envy location in Oakville, Missouri, in or about April 2012, but received a massage that was no longer than 50 minutes.

5.      Massage Envy, based in Scottsdale, Arizona, provides therapeutic massages through its franchise locations.  It has more than 1,100 locations in 49 states (including approximately 48 in Illinois) that employ more than 25,000 professionals and have provided more than 100 million massages and facials.[1]

## JURISDICTION AND VENUE

6.      This is a class action filed pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d)(2), (5), and (6).  The amount in controversy exceeds $5 million, exclusive of interest or costs, the proposed class includes at least 100 members, and there is minimal diversity of citizenship. Plaintiffs are citizens of Illinois and Missouri.  Massage Envy is a citizen of Delaware, where it is incorporated, and Arizona, where it has its principal place of business at 14350 N. 8th St., Ste. 200, Scottsdale, AZ 85260.

8.      This Court has personal jurisdiction over Massage Envy because Massage Envy regularly provides massage services in Illinois.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS CONCERNING DEFENDANT'S LIABILITY

10.      Until it changed its illegal practices *after this lawsuit was filed*, Massage Envy advertised and provided sessions that it told consumers included a one-hour massage but in actuality delivered only 50 minutes or less of actual massage time.  At least 10 minutes of the hour were spent (a) being briefly interviewed by the massage therapist, (b) undressing, (c)

---

[1] *See* Massage Envy's press release entitled, "Massage Envy Takes First Steps to International Expansion in Australia," available at http://www.massageenvy.com/about-massage-envy/press-room/press-releases/may-5-2016.aspx (accessed 9/27/2016).

waiting on the massage table for the massage therapist to arrive and (d), after the massage was completed, getting dressed.

11.     If Massage Envy had not intended to mislead consumers about the actual length of the massage, it would have simply told them the truth about it, clearly and conspicuously, beginning with its offer of a one-hour massage session on the home page of its website and continuing throughout its communications with consumers.  Massage Envy *used* to do that – until April 2007 – with a clear disclosure about the 50-minute length of a massage at the very top of its home page. And after this case was filed, it appeared to be attempting to do so again. But for about 9½ years it engaged in a campaign to deceive consumers, as this Complaint documents.

12.     During that 9½ year period, Massage Envy misrepresented the length of a "1-hour" massage and concealed the fact that at least 10 minutes out of the hour were spent in other activities.  It did so repeatedly:  In its offers of an introductory one-hour massage session; on what it called a "Disclaimer" page; in a video that it displayed for new customers entitled, "My First Massage EVER: What You Should Expect"; in a "Step-by-Step" guide to massages that it displayed on its website; on a web page entitled, "Customize your Massage Session"; in a page of "FAQs" on its website; on its web pages for individual facilities, such as its O'Fallon, Illinois, and Oakville, Missouri, facility; on its electronic gift cards; and on display materials in its massage facilities.

13.     During its 9½ years of deception, Massage Envy published in only two places a statement that a one-hour massage lasted only 50 minutes.  However, not only did a consumer not need to see those statements before receiving his or her massage, in both instances Massage Envy went out of its way to make sure that no customer would be able to find or read them.  One was buried deep in an almost impossible-to-find web page, and the other was in an almost

impossible to read note on a pricing sheet that it did not affirmatively call to customers' attention.  As shown in this complaint, as a result of the way Massage Envy concealed those statements, they are the epitome of what responsible marketers consider to be unethical.

14.    Massage Envy's competitor, MassageLuxe, states clearly on the front page of its own website that the actual massage in a one-hour massage session that it offered lasts only 50 minutes.  Massage Envy undoubtedly was not aware of what MassageLuxe stated on its website. But during its 9½ years of deception, it did not emulate MassageLuxe's responsible practice.

15.    The facts delineated below demonstrate the basis of the above allegations.

**Massage Envy's Offer of a One-Hour Massage Session**

16.    Massage Envy offers an "Introductory 1-Hour Massage Session."  The following screen shot shows that offer on its website's home page as of the filing of this lawsuit on September 27, 2016:



http://www.massageenvy.com/ (accessed 9/27/2016).  The following discussion describes Massage Envy's deceptive practices as of that date.

17.     As can be seen from the above screenshot, a blue box stated that Massage Envy offered an "Introductory 1-Hour Massage Session" for $50.  There was also a difficult-to-see asterisk after the word "Session."

18.     Clicking on the asterisk did not take the viewer to a footnote, in the fashion of, for example, footnotes on Wikipedia.  Instead, if the consumer clicked on the asterisk, he or she was taken to a different web page entirely:  http://www.massageenvy.com/membership.aspx (accessed 9/24/2016).  That page was entitled, "Imagine more ME time" and described "Membership Benefits."  The page had no explanation of what was meant by "Introductory 1-Hour Massage Session."  It was therefore misleading to link this page to the offer of an "Introductory 1-Hour Massage Session."

**Massage Envy's "Disclaimer Page" and Its Links**

19.     If, instead of clicking on the asterisk after the words "Introductory 1-Hour Massage Session" on the Massage Envy home page, the consumer scrolled down past various links and a menu chart, he or she would come across a footnote in small type that stated:  "*View pricing and promotional details."  The following screenshot shows how that footnote appeared on the webpage:



http://www.massageenvy.com/ (accessed 9/27/2016).

20.     That footnote provided a link to a page entitled, "Pricing and Promotional Disclaimers" (hereafter referred to as "Disclaimer Page").  Here is a screenshot from that page:



http://www.massageenvy.com/pricing-and-promotional-items.aspx (accessed 9/27/2016).

21.    As can be seen, in small type underneath the heading, "Session," the Disclaimer Page stated: "*Session includes massage or facial and time for consultation and dressing." That page did not state whether the time for consultation and dressing was deducted from the one hour. Nor did it indicate how long the actual massage would be or how much time was allotted for consultation and dressing (and didn't mention undressing or waiting time).

22.    As can also be seen from the above screenshot, the Disclaimer Page contained a light gray box entitled, "New to Massage Envy?" That box contained three links.

23.    The first of those links was entitled, "New to Massage." That link took the consumer to a page entitled, "Massage Tips for Beginners." http://www.massageenvy.com/massage-therapy-for/new-to-massage.aspx (accessed 9/27/2016). That page did not discuss the length of the massage.

24.    The second link, "Your first visit," took the consumer to a page entitled "Your First Massage Session." http://www.massageenvy.com/your-first-visit.aspx (accessed 9/27/2016). That page contained both a video and text. The video, titled, "My First Massage EVER: *What You Can Expect*," lasted about three-and-a-half minutes, was interspersed with titles, and never mentioned that the consumer should expect that "My First Massage EVER" would last only 50-minutes or less. (This web page could also be accessed by clicking on "Your First Visit" in a menu bar on Massage Envy's home page, http://www.massageenvy.com/, as well as other Massage Envy web pages.) Plaintiff discusses this page further below.

25.    The third link in the "New to Massage Envy?" box was entitled, "Massage Envy" and took the consumer to a page entitled, "The New Day Spa." http://www.massageenvy.com/massage-envy.aspx (accessed 9/27/2016). That page contained the same video mentioned above,

entitled, "My First Massage EVER: What You Can Expect," as well as the same blue box described earlier with the offer of a "$50 Introductory 1-Hour Massage Session," an asterisk after the word "Session" and a footnote at the bottom of the page stating "*View pricing and promotional details" with a link back to the Disclaimer Page.

**Massage Envy's Video: "My First Massage EVER: What You Should Expect"**

26. Here is the script of the narration to Massage Envy's Video, "My First Massage EVER: What You Can Expect," contained on its web page entitled, "Your First Massage Session":

> *What should you expect from your first massage? Hi, I'm Becky Mirizio for Massage Envy Spa.*
>
> *Maybe you're curious about massage or you're finally ready for your first session. Either way, you're gonna want to know what to expect. Well, I'm here to be your guide. So let's get started.*
>
> *First things first: Scheduling your appointment. When you call, you'll want to tell us any preferences you have, like male or female therapist and what type of massage you like. Of course, this is your first massage, so how do you know your preferences? Well, for first-time guests, we recommend a Swedish massage. It's nice and relaxing, plus you still get the therapeutic benefits you're looking for.*
>
> *So your appointment is set. Once you arrive at Massage Envy Spa, a front desk associate will greet you and they'll ask you to fill out a Massage Wellness Chart. This is where you'll record any injuries, health history and other physical conditions we should know about – all of which is confidential. We recommend wearing comfortable clothes and arriving 15 minutes early so you can fill everything out without feeling rushed.*
>
> *When you're all finished, you can relax and wait in the lobby or, if available, the tranquility room. This is also a good time to turn your cell phone off or put it on silent. Relax, your emails will still be there when you're done.*
>
> *Next, your massage therapist will come to greet you and walk you to your room. They'll also show you where the bathroom is – which we recommend using – trust us, you don't want to go mid-session.*
>
> *Together, you'll review your Wellness Chart. Your massage therapist will ask you questions like, "Why did you come in today?" and "Do you have specific stress or areas you're experiencing any pain?" Your communication is key here*

*and throughout your session.  Tell your therapist if this is your first time.  They'll answer any questions you have and walk you through the process so you feel comfortable.*

*Massage Envy Spa uses only hypoallergenic lotions.  Still, it's a good idea to let us know if you have any allergies beforehand.*

*Your massage therapist will then leave the room while you disrobe to your level of comfort.  But, what's the right amount?  Well, some clients prefer to completely disrobe, while others remain partially clothed.  Either option is absolutely fine.  It's whatever is most comfortable for you.*

*Once disrobed, you'll lie on the massage table under the top sheet and blanket.  Your massage therapist will give you a few minutes alone, then knock before entering the room.*

*Your massage therapist will always respect your modesty.  You'll be draped with the sheet during your entire massage session, only uncovering the part of the body they're working on.  Remember, this is your massage.*

*The face cradle can be adjusted and the massage table heated.  Your therapist just wants you to have a great experience, so speak up.  And that goes double for pressure and technique.  Should you experience pain or discomfort when working a particularly tight area, it's extremely important to say so.  Your therapist is a professional and he or she can adapt, using different techniques to relax stubborn muscles.*

*After your massage is completed, take a few moments to relax before you re-dress and your therapist takes you back to the lobby.  He or she will then offer you some water, discuss areas that were worked, and offer recommendations for future sessions.*

*So there you have it—your first massage session.  Relaxing, isn't it?  If you have any more questions, you can visit our site, massageenvy.com, or call your local clinic.  Thanks for watching.  Have a healthy day.*

27.    As can be seen from the script, the video never mentions how long the massage will last.  However, it deceptively indicates that the entire session is devoted to the massage and that activities such as the interview, undressing and dressing are not part of the massage "session."  The narrator states:  "You'll be draped with the sheet during your entire massage session."  Because the consumer is not draped with a sheet during the interview or while

undressing or dressing, those activities are not part of the massage session, at least according to the video.

28.    The video recommends arriving 15 minutes early and reinforces that recommendation with a title as shown in the screenshot below.



http://www.massageenvy.com/your-firs2-visit.aspx (accessed 9/24/2016).  Telling the viewer to arrive 15 minutes early suggests that the preliminaries do not count against the hour.

29.    Among the preliminaries are filling out a Wellness Chart and then reviewing it with the massage therapist, as shown in the following screenshots:





30.    The video also states that, after the consumer disrobes and lies on the table, the massage therapist "will give you a few minutes alone, then knock before entering the room." Here is a screenshot of what the video shows while the narrator talks about this "alone" time:



Nowhere does the video indicate that these "few minutes" waiting for the massage therapist count against the hour that the consumer has paid for and that the consumer is therefore paying Massage Envy for waiting time at $50 an hour or even more.

**Massage Envy's "Step-by-Step Guide"**

31.    Massage Envy's web page entitled, "Your First Massage Session," also contained a four-part discussion entitled, "The Step-by-Step Guide."  http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/2016).  This web page deceptively reinforced the message that the session consisted of the actual massage and that other activities, such as the pre-interview and dressing, were extraneous to it.

11

32.     Massage Envy's Step-by-Step Guide had four parts, or "Steps":

1.      Meet and Greet

2.      Starting Your Session

3.      During Your Massage

4.      Ensuring Your Wellness

33.     By referring to this as a "Step-by-Step" Guide, Massage Envy was telling its customers that this was a chronological description of what to expect.

34.     **Step 1.**  Here is a screenshot showing Step 1 of "The Step-by-Step Guide":



http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/2016).  As can be seen, Step 1, "Meet and Greet," occurred before Step 2, "Starting Your Session," and therefore described events that occurred before the one-hour massage session began.  Here is one such event described in Step 1: "Your massage therapist will greet you and review the Wellness Chart with you.  They will inquire about the reason(s) you are coming in for a massage, your current

12

physical condition and any specific areas in which you are experiencing pain or would like to address during your massage."  Thus, Massage Envy was deceptively telling consumers that this consultation or interview occurs before the one-hour massage session begins.

35.    **Step 2.**  Here is a screen shot showing Step 2 of Massage Envy's "Step-by-Step Guide":

## 2  Starting Your Session

Your massage therapist will then take you to a peaceful, spa-like treatment room where a comfortable massage table dressed with a warming blanket and crisp clean sheets awaits. A small shelf for your personal belongings and a chair are also provided for your use. Your massage therapist will leave the room and wait outside while you disrobe to your level of comfort. The massage etiquette varies for clients. Some clients prefer to completely disrobe, while some will remain partially clothed. Either option is fine. Once disrobed, you will lie on the massage table, under the top sheet. Your massage therapist will give you a few minutes for this process and will knock on the door to ask if you are ready before entering your room.

You will always be draped with the top sheet during your massage session. The etiquette your massage therapist will follow is to only uncover the part of the body they are working on, ensuring that your modesty is respected at all times.

You can expect a tranquil and comfortable environment during your massage. The massage table is padded and a heating blanket is placed beneath the sheet, which you can have adjusted to your preference. There will be relaxing music playing, unless you request otherwise, and the room should be quiet, with no outside distractions.

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/2016).  As can be seen, Step 2, entitled, "Starting Your Session," stated that only times when the consumer was draped with a sheet were part of the massage session.  It stated:  "You will always be draped with the top sheet during your massage session."  Thus, Massage Envy deceptively told consumers that the times spent in consultation with the therapist and in dressing and undressing – in which the consumer was *not* draped with a top sheet – were not part of the massage session.

36.    **Step 3.**  Here is a screenshot of Step 3 of "The Step-by-Step Guide":

## 3  During Your Massage

Before beginning the session, your therapist will ask you to alert them if, at any time during the session, a technique or stroke they are using is uncomfortable. Depending on your specific needs or requests, your massage therapist will either perform a customized full-body massage (for general relaxation and stress reduction) or focus on the specific parts of your body that you have requested. Massage Envy uses only the highest quality hypoallergenic massage creams and lotions for your massage.

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/2016).  As can be seen, Step 3 of "The Step-by-Step Guide," entitled, "During Your Massage," also indicated that the massage

session included only the actual massage.  It stated, "Before beginning the session, your therapist will ask you to alert them if, *at any time during the session*, a technique or stroke they are using is uncomfortable."  (emphasis added.)  Thus, Massage Envy deceptively told consumers that the massage session was that part of the visit in which the therapist was using a technique or stroke. That is the actual massage.  If Massage Envy did not want consumers to believe that the massage was not the same thing as the session, it would have said, "Your therapist will ask you to alert them if, at any time during the *massage*, a technique or stroke they are using is uncomfortable." But Massage Envy said, "session," not "massage."

37.    **Step 4.**  Here is a screenshot of Step 4 of "The Step by Step Guide":



4  Ensuring Your Wellness

Once your massage therapy session is complete, your therapist will leave the room so you may re-dress. Your therapist will wait outside the room for you with a cup of water, and then take you back to the front area when you're ready. Our massage therapy sessions vary from 1-hour to 1½-hour to 2 hours in length. Each session includes a 5 minute pre-interview and 5 minutes at the end for you to re-dress.

We look forward to seeing you for your first visit. If you have any questions about the etiquette during a massage, one of our friendly front desk associates will be happy to answer them for you.

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/2016).  In Step 4 of "The Step-by-Guide," entitled, "Ensuring Your Wellness," Massage Envy stated:  "Once your massage therapy session is complete, your therapist will leave the room so you may re-dress." Thus, Massage Envy deceptively told consumers that the time spent getting dressed after the massage (or "re-dressed" as Massage Envy stated) was not part of the massage session because it occurred after the "massage therapy session is complete."

38.    The last sentence of this paragraph states, "Each session includes a 5 minute pre-interview and 5 minutes at the end for you to re-dress."  In the context of everything else on this page, that sentence does not mean that these times are deducted from the hour.  That interpretation would make no sense in light of the fact that Massage Envy discussed the pre-

interview before the section called, "*Starting* Your Session" (emphasis added), told consumers that they would always be draped with a top sheet *during the massage session*, said that the therapist would ask them to say at any time *during the session* if a technique or stroke was uncomfortable, and told them that they would get "re-dressed" *after* the massage therapy session was complete.  In all of those statements, Massage Envy told consumers that the massage session consists of the time that the therapist is performing the massage.

39.    If it was Massage Envy's intent to tell consumers in Step 4 of "The Step-by-Guide" that five minutes for a "pre-interview" and five minutes to get dressed at the end were part of the one-hour massage session, such disclosure would be unethical for several reasons:  (1) by burying it near the end of a long web page and not repeating it elsewhere, Massage Envy rendered it not likely to be noticed; (2) it was not likely to be noticed by consumers interested in the length of a massage session or even what occurs in a massage session because it was placed in a section with the title, "Ensuring Your Wellness," rather than a title relating to the massage session; (3) it was not placed in the sections entitled, "Starting Your Session" or "During Your Massage," where a consumer would be more likely to look for information on the length of a massage; and, (4) it is a disclaimer contradicting the overall impression of Massage Envy's offer of a one-hour massage session, namely that it consists of the actual massage and not extraneous activities such as the interview and getting dressed.

**Massage Envy's Web Page, "Customize your Massage Session"**

40.    Across the top of Massage Envy's website was a menu bar.  The second item on that menu bar was called, "Massage."  Clicking on that item brought the consumer to a page entitled, "Customize your Massage Session."  http://www.massageenvy.com/massage.aspx (accessed 9/16/2016.)  At the top of that page were several boxes indicating the various lengths

of time that were available including, "1-hour," "1 ½ -hour," and "2-hour." Here is a screenshot of that page showing those boxes:



http://www.massageenvy.com/massage.aspx (accessed 9/24/2016).

41.    The box for one-hour on the Massage Envy web page, "Customize your Massage Session," http://www.massageenvy.com/massage.aspx (accessed 9/24/2016), did not state that the hour included anything other than a massage. In fact, it indicated the opposite. It stated that the session "[i]ncludes time for combination full body massage or focused relief of tension areas" without indicating that it included anything else, such as undressing, dressing, "consultation" or waiting.

42.    As can be seen from this screenshot, below the "1-hour" box were the words "$50 Introductory Price" with an asterisk after the word "Price." That asterisk did not have a link to anything. Scrolling down the page (way down because it was a very long page) brought the consumer to a footnote like the one described above that said, "*View pricing and promotional

details" with a link to the same Disclaimer Page discussed above that did not state that a one-hour massage lasts only 50 minutes.

**Massage Envy's FAQs**

43.   Massage Envy's website also had a page of FAQs that deceptively referred to a "1-hour massage," not a "1-hour massage session" and did not state that the massage was actually less than an hour.  In fact, it indicated the opposite.  In response to the question, "How long should a massage last?" the page stated, "Some people view a one-hour massage [not "massage session"] as enough for relaxation and relief of mild stress or tension areas." http://www.massageenvy.com/faqs.aspx (accessed 9/27/2016).

44.   Here is a screenshot of that question and answer as it appears on Massage Envy's FAQ page:



How Long, How Often

How long should a massage last?

That depends on what you want to accomplish. Some people view a one-hour massage as enough for relaxation and relief of mild stress or tension areas. A two-hour session provides maximum therapeutic relief of chronic pain, stress or tension through a full-body massage using various modalities. And in between those, an hour and a half session allows time for relief of tight muscles or persistent pain, plus dedicated relief of specific areas of discomfort.

A Swedish or Deep Tissue massage can fill any of those lengths, but for something more specialized like a Prenatal, Sports massage or additional Enhanced Therapies, it might be better to allow 90 or 120 minutes.

http://www.massageenvy.com/faqs.aspx (accessed 9/27/2016).

**Massage Envy's Web Pages for Individual Facilities**

45.   Massage Envy also made the offer of a one-hour introductory massage on its web pages for individual facilities, such as its O'Fallon, Illinois facility, as shown in this screen shot:



http://www.massageenvy.com/clinics/IL/OFallon-IL.aspx (accessed 9/24/2016).

46.      As can be seen from the above screenshot, a list of services on the right side of the screen included a "1-Hour Massage" (not massage session) for $50.

47.      There was also a reference to a one-hour "massage session" under the photo of two Massage Envy employees.  Since the same page referred to a "1-Hour Massage," a reasonable consumer would conclude that a one-hour massage session included a one-hour massage.  Moreover, note the asterisk after the word, "session."  That asterisk does not have a

18

link to anything.  If the consumer scrolled down to find out what the asterisk meant, he or she found, not a footnote (at least not at first), but asterisks on an appointment form.  That appointment form is shown in the following screenshot:



*Id.*

48.    Thus, a reasonable consumer would conclude that the asterisk after "Session" in the offer of a one-hour massage session was directing him or her to the asterisks in the appointment form and never see the footnote, much less find his or her way to the Disclaimer Page.

**Massage Envy's E-Gift Cards**

49.    Massage Envy also sold electronic gift cards.  https://www.massageenvy.com/gift-cards.aspx (accessed 9/24/2016).  Here is a screenshot of the offer of a gift card:



https://www.massageenvy.com/gift-cards.aspx (accessed 9/24/2016).

50.      As can be seen from the above screenshot, the least expensive E-Gift card was $75.  Massage Envy's offer of this gift card states that it is "[t]ypically good for 1-hour introductory massage, including gratuity."  It refers to a "1-hour introductory massage," not "1-hour massage session," and does not state that the 1-hour introductory massage is not a full hour, but rather no longer than 50 minutes.

51.      The E-Gift Card page contained four asterisks.  Three are shown in the screenshot above.  The fourth accompanied a footnote at the bottom of the page that, as is the case on other Massage Envy web pages, stated, "View pricing and promotional details" with a link to the Disclaimer Page.

52.      There was nothing about the first three asterisks on the E-Gift Card page that would lead a consumer to that footnote.  They accompanied the titles of boxes for the consumer to fill out (Name of Recipient, Quantity, and Confirm Email) and suggest that these are simply items that must be completed.

**Massage Envy's Display Materials**

53.      Massage Envy reinforced the message that one-hour massages last one hour in posters for retail products that it sells in its facilities.  Such products include muscle relief sets, body gels, spa creams, triggerpoint pillows, and other products.

54.      For example, during the 2015 holiday season, Massage Envy displayed posters with the following message above a retail shelf:  "BECAUSE THIS FEELING SHOULD LAST LONGER THAN ONE HOUR."  *See* "Holiday 2015," https://www.massageenvy.com/media/836479/holiday%202015%20roll-out%20guide.pdf (accessed 9/24/2016) at 31.  The following screenshot shows a graphic from that publication:



**MARKETING MATERIALS** (cont'd)

### Retail Shelf Topper

**New posters available for retail shelving!** If your location has ordered retail shelving from MassageElements.com, new retail shelf toppers will be shipped in your location's POP kit based on the location's last retail display order.

55.     Telling consumers that "this feeling should last longer than one hour" is telling them that the massage lasts an hour because there is no reason to reproduce any feeling that a consumer obtains at Massage Envy other than the feeling from the actual massage.  A consumer has no reason to desire the "feeling" from an interview, waiting time, getting undressed, or getting dressed to last beyond the experience at Massage Envy.

**The One Statement on Its Website Where Massage Envy Reveals the Actual Length of a One-Hour Massage is Virtually Impossible to Find**

56.     On its entire website, Massage Envy stated on only one page that a one-hour massage was actually only 50 minutes.  That was on an almost impossible-to-find web page, entitled, "Types of Massage" (hereafter "Types of Massage" Page).

http://www.massageenvy.com/types-of-massage.aspx (accessed 9/24/2016).  On that page, Massage Envy stated:  "A 1-hour massage therapy session at Massage Envy clinics nationwide consists of the therapist consultation, 50 minutes of hands-on massage, and 5 minutes of dressing."

57.     On information and belief, there was only one limited path to follow by which a consumer could come across the "Types of Massage" Page.  One need not have followed that path to obtain a massage at Massage Envy.  Moreover, if one did follow this path, there was nothing to indicate that at the end one would learn how long a massage lasts.

58.    Here is the pathway to the "Types of Massage" Page:  First one had to click on "Massage" in the menu bar near the top of a page.  That took one to a page entitled, "Customize your Massage Session."  http://www.massageenvy.com/massage.aspx (accessed 9/24/2016). That page is shown in the screenshot below:



http://www.massageenvy.com/massage.aspx (accessed 9/24/2016).

59.     As can be seen, on this page various types of massages were listed, including "Trigger Point Therapy," "Swedish Massage" and others.  Clicking on either the name of one of those types or on the words, "Learn More," took one to a page devoted to that technique.  *See, e.g*, http://www.massageenvy.com/types-of-massage/trigger-point-therapy.aspx and http://www.massageenvy.com/types-of-massage/swedish.aspx (both accessed 9/24/2016).

60.     Each of the pages devoted to one of the types of massage had a list of massage types on the left side under the title, "Types of Massage."  The following screenshot shows that list on the page for "Trigger Point Therapy":



http://www.massageenvy.com/types-of-massage/trigger-point-therapy.aspx (accessed 9/24/2016).

61.     This page (and others like it devoted to specific types of massage, such as Swedish Massage) had the only direct links to the lone web page that said that a one-hour massage lasts only 50 minutes.  And even that link was difficult to find.  The link was the title of the list of different types of massage on the left side of the page.  As can be seen from the above screenshot, there is no visual clue to indicate that this is a link.  That is in contradistinction to the massage types under the title, all of which are preceded by arrows, indicating that *they* are links.

62.     However, placing one's cursor over the words, "Types of Massage," revealed that it is a link, and clicking on it brought up the "Types of Massage" Page.

63.     On information and belief, this complicated path was the only way to access this page from any other page on the Massage Envy website.

64.     Moreover, even once one found this page, it was difficult to find the reference stating that a one-hour massage lasts only 50 minutes.  First, there was nothing to alert the reader that the length of a massage was even mentioned on this page.  To the contrary, the page contained a brief description of different massage types, followed by a discussion of "Signature Services" and "Who is Massage Therapy good for?"

65.     Below that discussion – not preceded by a title and fully 41 lines of type from the top – was this statement:  "A 1-hour massage therapy session at Massage Envy clinics nationwide consists of 5 minutes of therapist consultation, 50 minutes of hands-on massage, and 5 minutes of dressing."  http://www.massageenvy.com/types-of-massage.aspx (accessed 9/24/2016).

66.    That difficult-to-find statement on an almost impossible-to-find web page was the only place on Massage Envy's entire website telling the reader that a one-hour massage therapy session included only a 50-minute massage.

67.    The following screenshot shows how this statement was hidden on this webpage (Plaintiffs have inserted an arrow on the image to point out the sentence):





http://www.massageenvy.com/types-of-massage.aspx (accessed 9/24/2016).

68.     One did not need to access this web page to obtain a massage at Massage Envy.

**Massage Envy's Pricing Card Includes a Statement About the Actual Length of a Massage that is Difficult to Find and Read**

69.     At its facilities, Massage Envy had cards available for its customers that provide a menu of services, with their prices.  One did not need to see this to obtain a massage.  An example, which Plaintiff Haywood obtained *after* her second massage at the Massage Envy facility in O'Fallon, Illinois, is attached as Ex. A.  This card is 3.5 inches by 8.5 inches and has two sides, one devoted to massage services, the other to skin care services.

70.     The massage side of the pricing card lists a "60-Min. Massage Session" with an "Intro price" of $50 and a Non-Member price of $90.

71.     At the bottom of this page, in tiny, 5-pt type, is a seven-line, difficult-to-read block of print that states, in part, "Session time includes massage or facial and a total of 10 minutes for consultation and dressing, which occurs both pre and post service."

72.     Nowhere else on this card is the consumer told about non-massage time, such as time for consultation and dressing.  Nor does this card state explicitly that the 10 minutes for consultation and dressing is deducted from the massage time, leaving only 50 minutes for the massage.

73.     This page contains the following copyright notice:  "© Massage Envy Franchising, LLC."

74.     On information and belief, Massage Envy's employees were not trained to provide this card to consumers before their massage.  That belief is based on the fact that no employee called Ms. Haywood's attention to the card on either occasion she was present at Massage Envy's O'Fallon, Illinois, facility.

**Massage Envy Used to Disclose at the Top of Its Home Web Page How Long the Massage Lasts, But It Has Made that Information Progressively More Difficult To Find**

75.     Massage Envy did not always attempt to conceal the actual length of the massage included in a one-hour massage session.  Until April 2007, it clearly and unmistakably disclosed at the top of its home page that a one-hour session included only 50 minutes of massage time. The Internet Wayback Machine, https://archive.org/web/ (accessed 9/26/2016), contains an archive of Massage Envy web pages as of days in the past.  The following screenshot shows Massage Envy's home page as of April 19, 2007:



http://web.archive.org/web/20070506115807/http://www.massageenvy.com/ (accessed 9/26/2016).

76.     As can be seen from the above screenshot, bearing the date of April 19, 2007, the offer of a $39 introductory price for first-time visitors clearly states, "Valid for one hour session, which consists of a 50 min, massage and time for consultation and dressing."

77.    By the next month, however, Massage Envy had taken that statement off its home page.  See this screenshot from the Massage Envy home page captured by the Internet Wayback Machine on May 28, 2007:



https://web.archive.org/web/20070528115943/http://www.massageenvy.com/ (accessed 9/26/2016).  Gone from the home page was the disclosure that a one-hour massage lasts only 50 minutes.

78.    However, note on the above screenshot the menu bar containing the item, "Types of Massage."  That item was a direct link to an earlier – and simpler – version of the "Types of Massage" page with the disclosure about the actual length of the massage. A consumer did not have to follow a complicated path to find that page – although even then nothing told the consumer that the "Types of Massage" page would disclose the length of a massage.  See this screenshot, dated May 18, 2007, of the "Types of Massage" page:



https://web.archive.org/web/20070518200434/http://www.massageenvy.com/types-of-massage.aspx (accessed 9/26/2016).  The reference to the length of the massage is in the second paragraph below the heading, "Who is Massage good for?"  This page is not nearly as long as it is now, and the statement that a massage is 50 minutes is easier to find.

79.    By September 23, 2011, however, Massage Envy had removed "Types of Massage" from the links at the top of its home page and dropped it into the midst of a group of several links farther down the page, with no indication that that item would link to a page that

would disclose the actual length of a "one-hour" massage. See this screenshot from a web page captured on that date:



http://web.archive.org/web/20110923135458/http://www.massageenvy.com/ (accessed 9/26/2016).

80.    If one clicked the link for "Types of Massage" on that page, one would find that the page had expanded, making the reference to the length of massage more difficult to find than it had been. See this screenshot from a web page captured on September 23, 2011, which shows that the statement revealing the length of a massage is well down the page:



http://web.archive.org/web/20110923143615/http://www.massageenvy.com/types-of-massage.aspx (accessed 9/26/2015).

81.    By October 2015, even that direct link on Massage Envy's home page to the "Types of Massage" page was gone.  That can be seen from the following screenshot, captured by the Internet Wayback Machine on October 21, 2015:



http://web.archive.org/web/20151021043008/http://www.massageenvy.com/ (accessed 9/26/2016).  To prove that there was no longer a link to the "Types of Massage" page on the Massage Envy home page, note the search bar at the top right.  The word, "Types" is not found on the page.  By this time, the "Types of Massage" page could only be found by following the complicated pathway outlined above.  Massage Envy's days of full disclosure were long gone.

**Massage Envy Told Its _Members_ that a One-Hour Massage Lasts Only 50 Minutes**

82.    Once a customer had tried Massage Envy's introductory massage and learned that a one-hour massage lasts less than an hour and decided to enter into a membership agreement (at a different price per one-hour session than the introductory price), Massage Envy _then_ disclosed

34

the actual length of a "1-hour" massage.  Membership allows a consumer to receive one "one-hour" service per month.  In Paragraph 1 of Massage Envy's Terms & Conditions for its membership agreement, it made clear that a one-hour session includes only 50 minutes of actual massage time.  There Massage Envy stated:  "Each one-hour service includes fifty minutes of hands-on massage or facial and allows ten minutes for client consultation and dressing."

83.    The following screenshot shows this statement in the Terms & Conditions for Massage Envy membership:



**TERMS & CONDITIONS**
1 – Your Dues Based membership entitles you to a one (1) hour in clinic massage or facial (for an additional charge) session per month during the term of your membership ("membership services") once each monthly payment has been made. Your Paid in Full membership allows you to redeem all membership services immediately or as desired throughout the term of your membership. Each one-hour service includes fifty minutes of hands-on massage or facial and allows ten minutes for client consultation and dressing. Your membership status must be active in order to redeem any membership services including membership massages and facials. Your membership services are not transferable to any other person or entity. Nationwide reciprocal benefit rates vary by clinic. Picture ID is required to establish membership enrollment in your home state. In the event of a change in your circumstances, you may apply to temporarily freeze your membership. Please see the front desk for eligibility, terms and conditions.
2 – You may cancel your membership only in the event that: (a) you permanently relocate your residence more than 25 miles away from your original residence and such relocation also puts you more than 25 miles away from any Massage Envy or Massage Envy Spa; or (b) a physician

These terms and conditions were not publicly available on the internet.

84.    There is no reason why Massage Envy could not make a similar clear and easy-to-find disclosure to consumers who were not its members.  Accordingly, Massage Envy was seeking to deceive unknowing consumers into thinking that a one-hour massage or massage session contains a one-hour massage.

**Massage Envy's Competitor MassageLuxe Freely Discloses that a One-Hour Session Provides a 50-Minute Massage**

85.    MassageLuxe is a chain of massage facilities that compete with Massage Envy.  It has five facilities in Illinois (including one in Edwardsville and one in Fairview Heights) and sixteen in Missouri (nine in St. Louis City or County).

86.    The screen shot below taken from MassageLuxe's home page shows that MassageLuxe prominently discloses the actual massage time of a "$48 1-hour massage" for "[f]irst time clients only."  It states:  "Consists of 50-minute standard massage and time for consultation and dressing."



https://massageluxe.com/ (accessed 9/24/2016).

87.    MassageLuxe also makes available a coupon for a $48 1-hour massage and states on the face of the coupon that the actual massage time is only 50 minutes.  https://massageluxe.com/coupons/ (accessed 9/24/2016).  Here is a screenshot of that coupon.



https://massageluxe.com/coupons/ (accessed 9/24/2016).

88.     There is no reason why Massage Envy could not make similarly prominent disclosures.

**Massage Envy Changed Its Website After this Lawsuit Was Filed and Removed All the Above Deceptive Statements**

89.     Plaintiff Haywood filed this lawsuit on September 27, 2016.  Approximately one month later, Massage Envy changed its website and removed every single deceptive statement about the length of a massage as described in the original complaint, Dkt. No. 1.  The only references to the length of a massage or massage session now on the website are not deceptive.

90.     The exact date on which Massage Envy changed its website is unknown.  On information and belief, it occurred after October 22, 2016, but on or before November 5, 2016. The Internet Wayback Machine shows the old version of the Masssage Envy home page as of October 22, 2016.  https://web.archive.org/web/20161022185217/http://www.massageenvy.com/ (accessed 11/13/2016).  But it shows the new version of the home page as of November 5, 2016. http://web.archive.org/web/20161105112521/https://www.massageenvy.com/ (accessed 11/13/2016).

91.     On its new website, approximately one month after this lawsuit was filed on Sept. 27, 2016, Massage Envy no longer mentioned an introductory One-Hour Massage Session or a massage or massage session of any length on its home page, as described in Paragraphs 16-18 above.

92.     Here is a screenshot from the new Massage Envy home page:





https://www.massageenvy.com/ (accessed Nov. 14, 2016).

93.     As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the home page no longer had a footnote or any other link stating, "View pricing and promotional details" as described in Paragraphs 19-20 above.

94.     As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the Massage Envy website no longer had a page entitled, "Pricing and Promotional Disclaimers," as described in Paragraphs 20-25 above.

95.     As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the Massage Envy website continued to have a page entitled, "Your First Massage Session" (*see* Paragraphs 24 and 31-39 above).  However, the video entitled, "My First Massage EVER: *What You Can Expect,*" had been removed from that page and can no longer be found anywhere on the Massage Envy website.  Nevertheless, it is still available on a You Tube page attributed to Massage Envy.  *See* https://www.youtube.com/watch?v=gD9brK_To3U (accessed Nov. 14,

2016).  It is clear that Massage Envy placed the video on You Tube.  Below the video, the page states:

> Published on Aug 22, 2013
>
> Join Massage Envy Spa as *we* talk about your first massage with Massage Envy.

https://www.youtube.com/watch?v=gD9brK_To3U (emphasis added; accessed November 14, 2016).

96.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage" no longer contained any of the misleading statements described in Paragraphs 31-39 above.  https://www.massageenvy.com/massage/your-first-massage (accessed 11/14/2016).

97.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage," continued to have a paragraph entitled, "1. Meet and Greet."  Unlike the former version described in Paragraph 34 above, this paragraph no longer included a description of the interview by the therapist, indicating that the interview was not part of the session.  Instead, the only reason the new version gives for arriving 15 minutes early for the massage is to fill out certain forms.  It states:  "We recommend arriving 15 minutes early for your appointment to complete these forms."

https://www.massageenvy.com/massage/your-first-massage (accessed 11/14/2016).

98.    Here is a screenshot of this paragraph as of the filing of this Amended Complaint:

# 1.

## MEET & GREET

Once you arrive at Massage Envy, you will be asked to fill out intake forms to record any relevant medical history, injuries or physical conditions we should be aware of. We recommend arriving 15 minutes early for your appointment to complete these forms.

https://www.massageenvy.com/massage/your-first-massage (accessed 11/14/2016).

99.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage," continued to have a paragraph entitled, "2. Starting Your Session." Unlike the former version of that paragraph described in Paragraph 35 above, this paragraph refers to the interview with the therapist, indicating that the interview is part of the massage session. It also states, unlike the version of the page as of the filing of this lawsuit on Sept, 27, 2016, that the session time includes 10 minutes for consultation and dressing.

100.    As of the filing of this Amended Complaint this paragraph states in full: "Your therapist will review the forms with you, and discuss the reasons for your visit and any specific areas you would like to address during your massage. Session time includes 10 minutes for consultation and dressing." https://www.massageenvy.com/massage/your-first-massage (accessed 11/14/2016).

101.    Here is a screenshot of the "Starting Your Session" paragraph as of the filing of this Amended Complaint:

## 2.

### STARTING YOUR SESSION

Your therapist will review the forms with you, and discuss the reasons for your visit and any specific areas you would like to address during your massage. Session time includes 10 minutes for consultation and dressing.

https://www.massageenvy.com/massage/your-first-massage (accessed 11/14/2016).

102.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage," continued to have a paragraph entitled, "During Your Massage." Unlike the version described in Paragraph 36 above, it no longer stated that the therapist would ask the consumer to indicate if at any time during the session a technique or stroke was uncomfortable, and therefore no longer indicated that the session included only the massage activity.

103.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the Massage Envy's web page entitled, "Your First Massage," no longer had a paragraph entitled, "Ensuring Your Wellness." Unlike the version described in Paragraphs 37-39 above, that page no longer stated, "Once your massage therapy session is complete, your therapist will leave the room so you may re-dress," and therefore no longer indicated that the re-dressing was not part of the session. Instead, the page now has a paragraph titled, "After Your Massage," that states: "When your massage [not massage session] is complete, your therapist will wait outside the room so you may dress." https://www.massageenvy.com/massage/your-first-massage (accessed 11/14/2016).

104.    Here is a screenshot showing that statement on Massage Envy's website as of the filing of this Amended Complaint:

41

## 6.

### AFTER YOUR MASSAGE

When your massage is complete, your therapist
will wait outside the room so you may dress.
When you're ready, your therapist will return you
to the front and give you a glass of water.

https://www.massageenvy.com/massage/your-first-massage (accessed 11/14/2016).

105.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the

Massage Envy website no longer had a page entitled, "Customize Your Massage Session" as

described in Paragraphs 40-42.  The website no longer contained the box described above for a

one-hour massage that stated that the session included time for combination full body massage or

focused relief of tension areas without indicating it included anything else, such as undressing,

dressing, consultation or waiting.

106.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016, the

Massage Envy website no longer had a page of "FAQs" as described in Paragraphs 43-44.  As of

then, the Massage Envy website no longer had a question and answer that deceptively referred to

a "one-hour massage."

107.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016,

Massage Envy continued to have a page for each of its individual locations.  At the bottom of

each of those pages is a statement that the pages are copyright ("©") Massage Envy Franchising

LLC, showing that Massage Envy wrote and is responsible for the page.  For example, the

screenshot below shows how that copyright notice appears on the location for Massage Envy's

O'Fallon location:

42



[https://locations.massageenvy.com/il/o-fallon/1140-central-park-drive.html](https://locations.massageenvy.com/il/o-fallon/1140-central-park-drive.html) (accessed 11/14/2016).

108.    As of the filing of this Amended Complaint, the web pages for Massage Envy's individual locations no longer contain an offer for a one-hour massage without making clear that the hour includes non-massage time.  To the contrary, the pages contain a box with an offer of introductory pricing that makes clear the length of the massage.  For example, in the case of the O'Fallon, Illinois, and Oakville, Missouri locations, the pages state that a 60-minute massage was $50.00.  They also clearly state that a 60-minute massage includes 10 minutes of non-massage time.

109.    Here is a screenshot of the box containing the above offer on the web page of Massage Envy's individual location:



https://locations.massageenvy.com/il/o-fallon/1140-central-park-drive.html (accessed 11/14/2016).

110.    As can be seen the last sentence in that price list states, "See full pricing details." That sentence is a link to a page entitled "Massage Envy: Legal." https://www.massageenvy.com/legal (accessed 11/14/2016). On information and belief, that "Legal" page is new as of approximately one month after this lawsuit was filed. That belief is based on the fact that the Internet Wayback Machine has no record of it, as can be seen from the following screenshot taken on November 13, 2016:



https://web.archive.org/web/*/https://www.massageenvy.com/legal (accessed 11/14/2016).

111.    As of the filing of this Amended Complaint, the Massage Envy: Legal web page

has a section entitled, "Session."  That section states:

>*Session time includes 10 minutes for dressing and consultation.
>
>A 60-minute session includes 50 minutes of hands-on service and 10 minutes for consultation and dressing. A 90-minute session includes 80 minutes of hands-on service and 10 minutes for consultation and dressing.

112.    Here is a screenshot showing those statements:



https://www.massageenvy.com/legal (accessed 11/14/2016).

113.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016,

Massage Envy continued to offer e-gift cards on its website at https://www.massageenvy.com/

gift-cards.aspx (accessed 11/14/2016).  However, that page no longer stated that the $75 e-gift

card was typically good for a 60-minute introductory massage as described in Paragraphs 49-50,

above.  Instead, it stated, "Typically good for a 60-minute introductory massage or facial *session*,

including gratuity.  A session includes 10 minutes for consultation and dressing."

https://www.massageenvy.com/gift-cards.aspx (accessed 11/14/2016) (emphasis added).

    114.    Here is a screenshot showing how the former statement was changed:



https://www.massageenvy.com/gift-cards.aspx (accessed 11/14/2016).

    115.    As of approximately a month after this lawsuit was filed on Sept. 27, 2016,

Massage Envy continued to have a web page entitled, "Types of Massage," which could still be

found from the link noted above, http://www.massageenvy.com/types-of-massage.aspx, though

its url was now https://www.massageenvy.com/massage/massage-types (accessed 11/14/2016)..

116.     As of the filing of this Amended Complaint, this page no longer indicated that a one-hour massage therapy session included 50 minutes of hands-on massage, as described in Paragraph 56 above.  It contained no reference to the length of a massage whatsoever.

117.     There is no reason why the misleading statements on Massage Envy's website as of the filing of this lawsuit could not have been removed before the class periods in this case began.  It would have been feasible to do so. The removal of those statements in Massage Envy's revamped website shows the existence of a duty to consumers not to make those misleading statements.

118.     The statements on the new version of Massage Envy's website making clear that a 60-minute massage session includes 10 minutes of non-massage activity, as contained on the web page entitled, "Your First Massage," the web pages for its individual locations, the page entitled, "Massage Envy Legal," and its web page offering e-gift cards, show the existence of a duty to consumers to make such disclosures.

## PLAINTIFF ALLEGATIONS

### Kathy Haywood

119.     In or about February 2016, Plaintiff Kathy Haywood's daughter Amber purchased a $75 electronic gift card for her from Massage Envy's website.  According to Massage Envy's offer on its website, that gift card would provide a "1-hour introductory massage."  Amber told Plaintiff Haywood that it would provide her with a one-hour massage.

120.     Ms. Haywood was notified of the gift by email on February 13, 2016.  (*See* copy of email, Ex. B.)  The email told her that she had received a gift card in the amount of $75.00.  It advised her to download her card and present it at the time of purchase.  The email did not mention the length of the massage she would be able to obtain with the card.

121.    A line buried in fine print at the bottom of the email stated, "Session includes massage or facial and time for consultation and dressing."  However, the email did not indicate how much time was spent on the massage.  If Massage Envy had intended not to deceive the recipient, it would have stated clearly in large type near the top of the email, right after the price of $75.00, "good for a one-hour massage session consisting of 50-minute massage, interview and time for undressing and dressing."  It did not.

122.    Ms. Haywood downloaded her gift card.  (It is attached hereto as Ex. C.)  The gift card contains a set of terms and conditions.  None of those terms and conditions relates to the length of the massage to which the gift card would entitle her.  In fact, nowhere on the card or the web page where the card is located is there a reference to the length of the massage that she could obtain.

123.    Ms. Haywood went on Massage Envy's website to read about the one-hour massage that she had received and to find the nearest location, which she learned was in O'Fallon, Illinois, at 1140 Central Park Dr., Suite 102.  Nowhere did she read that the massage would actually be less than an hour.

124.    Ms. Haywood then called the O'Fallon facility and made an appointment for May 11, 2016.  On that date, she went to Massage Envy's O'Fallon, Illinois location for her massage.  She checked in with the front desk but didn't sign anything or receive any information regarding the length of the appointment.  No sign or other displayed notice indicated that the massage time would be less than one hour.

125.    Ms. Haywood was called for her appointment around the time it was scheduled.  She talked to the massage therapist briefly and was given time to undress.  After a waiting period, the therapist came back in and the massage lasted no more than 50 minutes.

126.     At the end of the session, she requested documentation of her session and was given the attached "Massage Wellness Plan."  Ex. D

127.     In September 2016, to verify that Massage Envy provided only 50 minutes' massage time for a one-hour massage, Ms. Haywood telephoned Massage Envy's O'Fallon, IL, location and made a reservation over the phone for a 3:00 p.m. appointment on September 8, 2016, for a one-hour massage costing $90.

128.     On September 8, 2016, Ms. Haywood arrived at Massage Envy's O'Fallon facility at approximately 2:55 p.m., checked in at the desk, and was not asked to sign anything.  No sign or other displayed notice indicated that the massage time would be less than one hour.  Her actual massage was no longer than 50 minutes.

129.     As she was leaving the facility, Ms. Haywood noticed a stack of cards at the front desk.  She took one.  It is attached as Ex. A.  No employee of Massage Envy ever called her attention to that card on either date when she was there.

130.     At the end of her September 2016 session, Ms. Haywood requested documentation of her session and was given the attached "Massage Wellness Plan."  Ex. E.  She also received the attached receipt, which reflects the balance that she paid in addition to the credit remaining from the gift card provided by her daughter.  Ex. F.

**Lia Holt**

131.     In or about April 2012, Plaintiff Lia Holt accessed Massage Envy's website to research the prices for a one-hour massage and to find a Massage Envy location near her.  She learned that the nearest location was in Oakville, Missouri.

132.     After that, Ms. Holt (using her then-name, Lia Malec) telephoned the Oakville location to make an appointment for a one-hour massage.

49

133.    In or about April 2012, Ms. Holt traveled to the Oakville location for the massage she had reserved.  She was provided a massage that lasted no more than 50 minutes.

134.    Ms. Holt purchased her massage for personal, family or household purposes.

## MASSAGE ENVY'S ACTS AND PRACTICES VIOLATE ETHICAL STANDARDS

135.    Before Massage Envy changed its website approximately one month after this lawsuit was filed, its acts and practices violated generally accepted principles of ethical business conduct for the following reasons:

- The offer of a one-hour massage or massage session was not clear, honest and complete so that the consumer might know the exact nature of what was being offered because the one-hour massage or massage session did not include one hour of massage time.

- The offer of a one-hour massage or massage session did not include consistent statements or representations of all the essential points of the offer.

- The overall impression of the offer of a one-hour massage or massage session was contradicted by a disclaimer.

- The representation on Massage Envy's Disclaimer Page that the one-hour massage "session" included dressing and consultation time was material to the offer of a one-hour massage session and was unlikely to be noticed.

- The statement on Massage Envy's web page "Type of Massage" that a one-hour massage session included a 50-minute "hands-on massage" was so hard to find that it was unlikely to be noticed.

- The statement on Massage Envy's printed card that a one-hour massage session included only 50 minutes of massage time was provided only in tiny "mouse

type" and therefore unlikely to be noticed.  In addition, the card was not provided to the consumer or called to the consumer's attention before the massage.

136.    The basis for the allegation that it was unethical to engage in the above practices comes, in part, from established ethical principles recognized by the Direct Marketing Association ("DMA"), the leading industry association for companies that, like Massage Envy, market directly to consumers.

137.    DMA has published principles of ethical business practices for such marketing activities.  *Direct Marketing Association's Guidelines for Ethical Business Practices* ("DMA Ethical Guidelines").  *See* Ex. G - DMA Ethical Guidelines, revised May 2011; Ex. H – DMA Ethical Guideline, revised January 2014, both of which are incorporated herein by reference.

138.    These Ethical Guidelines "are intended to provide individuals and organizations involved in direct marketing in all media with generally accepted principles of conduct." *Id*. at 2. They "reflect DMA's long-standing policy of high levels of ethics and the responsibility of the Association, its members, and *all marketers* to maintain consumer and community relationships that are based on fair and ethical principles." *Id*. (emphasis added).

139.    In addition, DMA states that the Ethical Guidelines "are intended to be honored in light of their aims and principles.  All marketers should support the guidelines in spirit and not treat their provisions as obstacles to be circumvented by legal ingenuity." *Id*.

140.    DMA has also published a companion volume to its Ethical Guidelines called *Do the Right Thing: A Companion to DMA's Guidelines for Ethical Business Practice* (Revised January 2009) ("*Do the Right Thing*").  Ex. I, incorporated herein by reference.  That volume is intended to "give[] direct marketers advice on how to assure their business practices comply with" the Ethical Guidelines.  *Do the Right Thing* at 2.

141.    DMA's Ethical Guidelines are set forth in a series of "Articles," each of which states a separate ethical principle.

142.    In both the 2011 and 2014 editions of its Ethical Guidelines, Article #1, "HONESTY AND CLARITY OF OFFER," states:  "All offers should be clear, honest and complete so that the consumer may know the exact nature of what is being offered …."

143.    Massage Envy's offers of one-hour massages or massage sessions violated this ethical principle because they did not state that the sessions include no more than 50 minutes of actual massage time and therefore did not let the consumer know the exact nature of what is being offered.

144.    In both the 2011 and 2014 versions of its Ethical Guidelines, Article #2, "ACCURACY AND CONSISTENCY," states:  "Simple and consistent statements or representations of all the essential points of the offer should appear in the promotional material. The overall impression of an offer should not be contradicted by individual statements, representations or disclaimers."  (Emphasis added.)

145.    In *Do the Right Thing*, DMA elaborates on this ethical principle.  It states, "Keep in mind that a disclaimer or disclosure alone usually is not enough to remedy a misleading or false claim."

146.    Massage Envy's offers of one-hour massages or massage sessions violated this ethical principle because the impression of the offers – that a consumer will receive a one-hour massage – is explicitly contradicted by a "Disclaimer" and by other statements on its website.

147.    In both the 2011 and 2014 versions of its Ethical Guidelines, Article #3, "CLARITY OF REPRESENTATIONS," states:  "Representations which, by their size,

52

placement, duration or other characteristics are unlikely to be noticed or are difficult to understand should not be used if they are material to the offer."

148.    In explaining this ethical principle in *Do the Right Thing*, DMA states, "A promotion, for instance, that uses 'mouse type' at the bottom of a page … would render the promotion difficult to read and unclear."  According to dictionary.com, "mouse type" is "small-sized type, usually smaller than 7-point."

149.    Massage Envy's representation on its website that the massage session includes time for dressing and consultation violated this ethical principle because it is material to the offers of one-hour massages or massage sessions and not only uses "mouse type" in a footnote at the bottom of the web page, but even then the consumer must click and then read through a page of "Disclaimers" to learn that the session includes time for dressing and consultation – and is never told that it also includes time for undressing and waiting for the therapist to arrive.  Even worse, the "Disclaimer" never states that the hour includes no more than 50 minutes of massage time.

150.    Massage Envy's statement on its "Types of Massage" website that a one-hour massage session includes 5 minutes of therapist consultation, 50 minutes of hands-on massage, and 5 minutes of dressing violates this ethical principle because it is virtually impossible to find and therefore unlikely to be noticed.

151.    Massage Envy's pricing card that states in tiny 5 pt. type at the bottom of the card that a massage session includes 10 minutes for consultation and dressing violates this ethical principle because it is unlikely to be noticed and difficult to read in that it is contained in a block of "mouse type" and because the card is not provided to the consumer or called to the consumer's attention before the massage.

## THE ILLEGALITY OF MASSAGE ENVY'S PRACTICES UNDER THE ICFA

152.    Massage Envy's acts and practices in providing only 50 minutes of massage time while telling consumers that they would receive a one-hour massage or massage session were deceptive and unfair in violation of Section 2 of the ICFA.

153.    Section 2 of the ICFA, 815 ILCS 505/2, prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce …," as set forth below:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965,1 in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

### Massage Envy's Acts and Practices Violate the ICFA's Prohibitions of Deception

154.    Massage Envy's acts and practices of providing no more than a 50-minute massage while charging for a one-hour massage or massage session were deceptive in violation of the ICFA because Massage Envy deceives consumers into believing they were obtaining a one-hour massage even though the actual massage is no more than 50 minutes.

### Massage Envy's Acts and Practices Violate the ICFA's Prohibitions of Omissions of Material Facts

155.    Section 2 of the ICFA outlaws "the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact …." 815 ILCS. 505/2.

156.     Massage Envy's acts and practices of failing to disclose that at least 10 minutes of any massage session would be spent undressing, consulting, waiting and dressing, was an omission of a material fact in violation of the ICFA.

**Massage Envy's Acts and Practices Are Unethical in Violation of the ICFA's Prohibitions of Unfairness**

157.     In outlawing unfair acts and practices, the Illinois legislature adopted the Federal Trade Commission's interpretation of § 5(a)(1) of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45(a):  "In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." 815 ILCS 505/2.

158.     In determining whether a practice is unfair in violation of Section 5(a) of the FTC Act, the FTC considers whether the practice is unethical.  *See FTC v. Sperry & Hutchinson Co*., 405 U.S. 233 at 244 n. 5.  Accordingly, unethical practices are unfair under ICFA.

159.     Massage Envy's practices in providing no more than 50 minutes of massage time in a one-hour massage or massage session violated the unfairness prohibition of the ICFA because they were unethical.

**THE ILLEGALITY OF MASSAGE ENVY'S PRACTICES UNDER THE MMPA**

160.     Massage Envy's acts and practices in providing only 50 minutes of massage time while telling consumers that they would receive a one-hour massage or massage session are deceptive and unfair in violation of the MMPA, Mo. Rev. Stat. § 407.020.

161.     Mo. Rev. Stat. § 407.020.1 prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

**Massage Envy's Acts and Practices Violate the MMPA's Prohibitions of Deception**

162.    Massage Envy's acts and practices of providing only a 50-minute massage while charging for a one-hour massage or massage session were deceptive in violation of the MMPA because Massage Envy deceived consumers into believing they were obtaining a one-hour massage even though the actual massage was no more than 50 minutes.

**Massage Envy's Acts and Practices Violate the MMPA's Prohibitions of Omissions of Material Facts**

163.    The MMPA, Mo. Rev. Stat. § 407.020, prohibits the "omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

164.    Massage Envy's acts and practices of failing to disclose that at least 10 minutes of any massage session would be spent undressing, consulting, waiting and dressing, was an omission of a material fact in violation of the MMPA.

**Massage Envy's Acts and Practices Are Unethical in Violation of the MMPA's Prohibitions of Unfairness**

165.    The MMPA prohibits "unfair practice[s] ... in connection with the sale or advertisement of any merchandise in trade or commerce."  Mo. Rev. Stat. § 407.020.1.

166.    The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the above statute.  Specifically, Mo. Code Regs. tit. 15, § 60-8.020, provides:

> (1) An unfair practice is any practice which-
>
>> (A) Either-
>>
>>> 1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or
>>>
>>> 2. Is unethical, oppressive or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

(2) Proof of deception, fraud, or misrepresentation is not required to prove unfair practices as used in section 407.020.1., RSMo. (See Federal Trade Commission v. Sperry and Hutchinson Co., 405 U.S. 233, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972); Marshall v. Miller, 302 N.C. 539, 276 S.E.2d 397 (N.C. 1981); see also, Restatement, Second, Contracts, sections 364 and 365).

167.     Pursuant to Mo. Rev. Stat. §407.020 and Mo. Code Regs. Tit. 15, § 60-8.020,

Massage Envy's actions in providing no more than 50 minutes of massage time in a one-hour

massage or massage session violated the unfairness prohibition because those actions were

unethical.

## **CLASS ACTION ALLEGATIONS**

168.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent the following Classes:

**Illinois Class.**  All consumers who, in the State of Illinois, purchased a one-hour massage or massage session from Massage Envy or its franchisees (other than a purchase as part of a membership) and received no more than 50 minutes of actual massage time.

**Missouri Class.**  All consumers who, in the State of Missouri, purchased a one-hour massage or massage session for personal, family or household purposes from Massage Envy or its franchisees (other than a purchase as part of a membership) and received no more than 50 minutes of actual massage time

169.     Excluded from the proposed Classes are Defendant, its Directors, and employees,

as well as employees of any subsidiary, affiliate, successors, or assignees of Defendant.  Also

excluded is any trial judge who may preside over this case.

170.     The class periods are the periods beginning with the dates the applicable statutes

of limitations began to run for the respective state and ending when Massage Envy changed its

website approximately one month after the original complaint was filed herein to remove the

deceptive statements and to disclose clearly that a one-hour massage session includes only 50 minutes of massage time.

171.    **Numerosity**.  The exact size of the Classes is currently unknown to Plaintiff, but the total number of Class members is so numerous that joinder of all Class members would be impracticable.

172.    **Commonality**.  There is a well-defined community of interest in the questions of law and fact affecting Class members.  Among the numerous questions of law or fact common to the Class are the following:

    A.  Did Massage Envy offer a one-hour massage or "massage session" without specifying that the actual massage lasts no more than 50 minutes?

    B.   Were the massages provided in Massage Envy's one-hour massage sessions no more than 50 minutes?

    C.  Was it deceptive in violation of the ICFA and MMPA for Massage Envy to offer one-hour massages or massage sessions without specifying that the massages last no more than 50 minutes?

    D.  Was it unfair in violation of the ICFA and MMPA for Massage Envy to offer one-hour massages or massage sessions without specifying that the massages last no more than 50 minutes?

    E.  Did Plaintiffs suffer injury because she paid for one-hour massages that lasted no more than 50 minutes.

173.    **Typicality**.  The claims of Plaintiffs are typical of the claims of the members of the Class.

174.   **Adequacy of Representation**.  Plaintiffs are adequate representatives of the Classes and have no conflict of interest with other class members.  Plaintiff's attorneys are experienced in this type of litigation and will prosecute the action adequately and vigorously on behalf of the Class.

175.   **Predominance.**  The questions of law or fact common to class members predominate over any questions affecting only individual members.

176.   **Superiority.**  A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## JURY DEMAND

177.   Plaintiff demands a jury trial to the extent it is allowed by law.

## COUNT I:  AFFIRMATIVE DECEPTION IN VIOLATION OF THE ICFA
(Plaintiff Kathy Haywood and Illinois Class)

178.   Plaintiff Kathy Haywood realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged in this paragraph.

179.   Section 2 of the ICFA prohibits "deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce …." 815 ILCS 505/2.

180.   In providing one-hour massage sessions, Massage Envy was and is engaged in trade and commerce.

181.   Pursuant to the ICFA, Massage Envy has a duty not to engage in deceptive acts or practices by the use of deception, fraud, false pretense, false promise, or misrepresentation in the conduct of any trade of commerce.  For the reasons stated herein, it breached that duty.

182.     By offering and selling one-hour massages or massage sessions without stating that the massage lasts no more than 50 minutes, Massage Envy engaged in deceptive acts or practices by the use of deception, fraud, false pretense, false promise, or misrepresentation.

183.     Plaintiff Kathy Haywood and members of the Illinois Class purchased one-hour massages and/or massage "sessions" but received massages that lasted no longer than 50 minutes.

184.     Massage Envy's deceptive acts and practices directly, foreseeably, and proximately caused damages and injury to the Illinois Class.  Massage Envy engaged in these deceptive acts and practices willfully and knowingly.

185.     Plaintiff and the Class suffered monetary damages in the amounts that Massage Envy charged for massage time that it did not provide.

186.     The ICFA allows "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person [to] bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper…." 815 ILCS 505/10a.

187.     WHEREFORE, Plaintiff and the Illinois Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT II:  OMISSIONS OF MATERIAL FACT IN VIOLATION OF THE ICFA
(Plaintiff Kathy Hawyood and Illinois Class)

188.     Plaintiff Kathy Haywood realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged in this paragraph.

189.     Section 2 of the ICFA prohibits "deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent

that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce ….” 815 ILCS 505/2.

190.    In providing one-hour massage sessions, Massage Envy was and is engaged in trade and commerce.

191.    Pursuant to ICFA Massage Envy has a duty not to engage in deceptive acts or practices by the use of the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact.  For the reasons stated herein, it breached that duty.

192.    By offering and selling one-hour massages or massage sessions without stating that the massage lasts no more than 50 minutes, Massage Envy engaged in deceptive acts or practices by the use of the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact.

193.    Plaintiff and members of the Illinois Class purchased one-hour massages and/or massage “sessions” but received massages that lasted no longer than 50 minutes.

194.    Massage Envy’s deceptive acts and practices by the use of the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact directly, foreseeably, and proximately caused damages and injury to the Illinois Class.

195.    Massage Envy engaged in these deceptive acts and practices willfully and knowingly.

196.    Ms. Haywood and the Illinois Class suffered monetary damages in the amounts that Massage Envy charged for massage time that it did not provide.

197.     The ICFA allows "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person [to] bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper…." 815 ILCS 505/10a.

198.     WHEREFORE, Ms. Haywood and the Illinois Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT III:  UNFAIR PRACTICES IN VIOLATION OF THE ICFA
(Plaintiff Kathy Haywood and Illinois Class)

199.     Plaintiff Kathy Haywood realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged in this paragraph.

200.     Section 2 of the ICFA prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce …." 815 ILCS 505/2.

201.     Section 2 of the ICFA also provides:  "In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." 815 ILCS 505/2.

202.     In determining whether a practice is unfair in violation of Section 5(a) of the FTC Act, the FTC considers whether the practice is unethical.  *See FTC v. Sperry & Hutchinson Co*., 405 U.S. 233 at 244 n. 5.  Accordingly, unethical practices are unfair under ICFA.

203.     In providing one-hour massage sessions, Massage Envy was engaged in trade and commerce.

204.    Pursuant to ICFA Massage Envy has a duty not to engage in unfair acts or practices in the conduct of any trade of commerce.  For the reasons stated herein, it breached that duty.

205.    Massage Envy's acts and practices alleged herein are unfair in that they violate generally accepted principles of ethical business conduct for the following reasons:

- The offer of a one-hour massage or massage session was not clear, honest and complete so that the consumer might know the exact nature of what was being offered because the one-hour massage or massage session did not include one hour of massage time.

- The offer of a one-hour massage or massage session did not include consistent statements or representations of all the essential points of the offer.

- The overall impression of the offer of a one-hour massage or massage session was contradicted by a disclaimer.

- The representation on Massage Envy's Disclaimer Page that the one-hour massage "session" included dressing and consultation time was material to the offer of a one-hour massage session and was unlikely to be noticed.

- The statement on Massage Envy's web page "Type of Massage" that a one-hour massage session included a 50-minute "hands-on massage" was so difficult to find that it was unlikely to be noticed.

- The statement on Massage Envy's printed card that a one-hour massage session included only 50 minutes of massage time was provided only in tiny "mouse type" and therefore unlikely to be noticed.  In addition, the card was

not provided to the consumer or called to the consumer's attention before the massage.

206.    Massage Envy's unfair acts and practices directly, foreseeably, and proximately caused damages and injury to the Illinois Class.

207.    Massage Envy engaged in the unfair acts and practices as described above willfully and knowingly.

208.    Ms. Haywood and members of the Illinois Class purchased one-hour massages and/or massage "sessions" but received massages that lasted no longer than 50 minutes.

209.    Ms. Haywood and the Illinois Class suffered monetary damages in the amounts that Massage Envy charged for massage time that it did not provide.

210.    The ICFA allows "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person [to] bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper…." 815 ILCS 505/10a.

211.    WHEREFORE, Plaintiff and the Illinois Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT IV:  AFFIRMATIVE DECEPTION IN VIOLATION OF THE MMPA
(Plaintiff Lia Holt and Missouri Class)

212.    Plaintiff Lia Holt realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged in this paragraph.

213.    Mo. Rev. Stat. §407.020.1 prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

64

214.    In offering one-hour massage sessions, Massage Envy is engaged in the sale or advertisement of merchandise in trade or commerce.

215.    Pursuant to the MMPA, Massage Envy has a duty not to engage in deception, fraud, false pretense, false promise, or misrepresentation, in connection with the sale or advertisement of any merchandise in trade or commerce.  For the reasons stated herein, it breached that duty.

216.    By offering and selling one-hour massages or massage sessions without stating that the massage lasts no more than 50 minutes, Massage Envy has engaged in deception, fraud, false pretense, false promise, or misrepresentation, in connection with the sale or advertisement of any merchandise in trade or commerce.

217.    Plaintiff Lia Holt and members of the Missouri Class purchased one-hour massages and/or massage "sessions" but received massages that lasted no longer than 50 minutes.

218.    Massage Envy's deceptive acts and practices have directly, foreseeably, and proximately caused ascertainable loss to Ms. Holt and the Missouri Class.

219.    Massage Envy has engaged in these deceptive acts and practices willfully and knowingly.

220.    Ms. Holt and the Missouri Class suffered ascertainable loss in the amounts that Massage Envy charged for massage time that it did not provide.

221.    The MMPA allows "[a]ny person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money ... as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 ... to recover actual damages." Mo. Rev. Stat. § 407.025.1.

222.    WHEREFORE, Plaintiff Lia Holt and the Missouri Class pray for the relief requested in the Prayer for Relief set forth below.

## COUNT V:  OMISSIONS OF MATERIAL FACT IN VIOLATION OF THE MMPA
### (Plaintiff Lia Holt and Missouri Class)

223.    Plaintiff Lia Holt realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged in this paragraph.

224.    The MMPA, Mo. Rev. Stat. § 407.020, prohibits "the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

225.    In offering one-hour massage sessions, Massage Envy was engaged in the sale or advertisement of merchandise in trade or commerce.

226.    Pursuant to the MMPA, Massage Envy has a duty not to engage in the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.  For the reasons stated herein, it breached that duty.

227.    By offering and selling one-hour massages or massage sessions without stating that the massage lasts no more than 50 minutes, Massage Envy engaged in the concealment, suppression or omission of material fact.

228.    Ms. Holt and members of the Missouri Class purchased one-hour massages and/or massage "sessions" but received massages that lasted no longer than 50 minutes.

229.    Massage Envy directly, foreseeably, and proximately caused ascertainable loss to Ms. Holt and the Missouri Class.

230.    Massage Envy engaged in these deceptive acts and practices willfully and knowingly.

231.     Ms. Holt and the Missouri Class suffered ascertainable loss in the amounts that Massage Envy charged for massage time that it did not provide.

232.     The MMPA allows "[a]ny person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money ... as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 ... to recover actual damages." Mo. Rev. Stat. § 407.025.1.

233.     WHEREFORE, Ms. Holt and the Missouri Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT VI:  UNFAIR PRACTICES IN VIOLATION OF THE ICFA
(Plaintiff Lia Holt and Missouri Class)

234.     Plaintiff Lia Holt realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully alleged in this paragraph.

235.     Mo. Rev. Stat. §407.020.1 prohibits "[t]he act, use or employment by any person of any ... unfair practice ... in connection with the sale or advertisement of any merchandise in trade or commerce."

236.     In offering one-hour massage sessions, Massage Envy is engaged in the sale or advertisement of merchandise in trade or commerce.

237.     The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the above statute.  That definition states that unethical practices are unfair in violation of the above statute.  Mo. Code Regs. tit. 15, § 60-8.020.

238.     Pursuant to the MMPA, Massage Envy has a duty not to engage in any unethical or unfair practice in connection with the sale or advertisement of any merchandise in trade or commerce.  For the reasons stated herein, it breached that duty.

239.    In advertising and providing one-hour massage sessions, Massage Envy is engaged in trade and commerce.

240.    Massage Envy's acts and practices alleged herein are unfair in that they violate generally accepted principles of ethical business conduct for the following reasons:

- The offer of a one-hour massage or massage session was not clear, honest and complete so that the consumer may know the exact nature of what is being offered because the one-hour massage or massage session did not include one hour of massage time.

- The offer of a one-hour massage or massage session did not include consistent statements or representations of all the essential points of the offer.

- The overall impression of the offer of a one-hour massage or massage session was contradicted by a disclaimer.

- The representation on Massage Envy's Disclaimer Page that the one-hour massage "session" included dressing and consultation time is material to the offer of a one-hour massage session and was unlikely to be noticed.

- The statement on Massage Envy's web page "Type of Massage" that a one-hour massage session includes a 50-minute "hands-on massage" was so difficult to find that it was unlikely to be noticed.

- The statement on Massage Envy's printed card that a one-hour massage session includes only 50 minutes of massage time was provided only in tiny "mouse type" and therefore unlikely to be noticed.  In addition, the card was not provided to the consumer or called to the consumer's attention before the massage.

241.    Massage Envy's unfair acts and practices have directly, foreseeably, and proximately caused damages and injury to the Class.

242.    Massage Envy has engaged in the unfair acts and practices as described above willfully and knowingly.

243.    Ms. Holt and members of the Missouri Class purchased one-hour massages and/or massage "sessions" but received massages that lasted no longer than 50 minutes.

244.    Massage Envy directly, foreseeably, and proximately caused ascertainable loss to Ms. Holt and the Missouri Class.

245.    Ms. Holt and members of the Missouri Class purchased one-hour massages and/or massage "sessions" but received massages that lasted no longer than 50 minutes.

246.    Massage Envy directly, foreseeably, and proximately caused ascertainable loss to Ms. Holt and the Missouri Class.

## PRAYER FOR RELIEF

247.    For the foregoing reasons, Plaintiffs, on their own behalf and on behalf of the members of the putative Classes, pray for a judgment:

A.  Certifying the Classes as defined herein;

B.  Entering an order appointing Law Office of Richard S. Cornfeld and The Bruning Law Firm, LLC, as counsel for the Class;

C.  Awarding Plaintiffs and the Classes compensatory damages in an amount to be determined at trial;

D.  Awarding restitution to Plaintiff and the Class in an amount to be determined at trial;

E.  Awarding punitive damages in an amount to be determined at trial;

F.  Awarding Plaintiffs and the Classes their costs of suit and reasonable attorneys' fees;

G.  Providing such further relief as the Court may deem fair and reasonable.

69

Respectfully submitted,

LAW OFFICE OF RICHARD S. CORNFELD


By:   */s/ Richard S. Cornfeld*
Richard S. Cornfeld
1010 Market Street, Suite 1720
St. Louis, MO  63101
P 314-241-5799
F 314-241-5788
rcornfeld@cornfeldlegal.com

and

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, MO 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was electronically filed

with the Court with service upon all counsel of record via the Court's CM/ECF system on this

14th day of November, 2016.


*/s/ Richard S. Cornfeld*