# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KATHY HAYWOOD and LIA HOLT,**
on behalf of themselves and all others
similarly situated,

**Plaintiffs,**

v.  No. 16-1087-DRH

**MASSAGE ENVY FRANCHISING, LLC,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is defendant's motion for award of attorney's fees (Docs. 54 & 55). Specifically, defendant argues that the Court should award it fees and expenses (over $240,000 as of the filing date of the motion) incurred after the Amended Complaint was filed because it is the prevailing party under the fee shifting provisions of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") and the Missouri Merchandising Practices Act ("MMP"). Alternatively, defendant argues that the Court should award it fees and expenses in order to sanction plaintiffs and their counsel for the objectively unreasonable conduct in pursuing frivolous litigation pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. Plaintiffs oppose the motion (Doc. 64). Based on the circumstances of this case and the applicable case law, the Court denies the motion.

The Court presumes familiarity with the facts of the case, which are recounted in the Court's June 12, 2017 Memorandum and Order granting defendant's motion to dismiss and dismissing with prejudice plaintiffs' amended complaint (Doc. 52). The Court entered judgment that same day (Doc. 53). Thereafter, defendants filed the motion for attorney's fees (Doc. 54). Subsequently, plaintiffs filed their notice of appeal (Doc. 60).[1]

**Analysis**

Under the "bedrock principle known as the 'American Rule,' … [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). Both the ICFA and the MMP provide for fee-shifting.

Section 10a(c) of the ICFA provides in part: "in any action brought by a person under this Section, the Court … may award … reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c). The Illinois Supreme Court explained that "the term 'prevailing party' under the Act encompasses a prevailing defendant, as well as a prevailing plaintiff." *Krautsack v. Anderson*, 223 Ill. 2d 541, 554 (Ill. 2006). Further, the Illinois Supreme Court explained the standard that is applied when a defendant requests attorney fees under the Act:

---

[1] The district court has the power to award attorney fees while an appeal of the underlying claim is pending. *Kusay v. United States,* 62 F.3d 192, 194 (7th Cir. 1995) ("A district court may address ancillary questions such as costs."); *Terket v. Lund,* 623 F.2d 29, 34 (7th Cir.1980) ("district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible").

> "where a prevailing defendant petitions the trial court for a reasonable attorney fee under [the Act], only if the trial court makes a threshold finding that the plaintiff acted in bad faith should the trial court consider other circumstances relevant to its exercise of discretion."

*Id.* at 559.

Similarly, Section 407.025.1 of the MMP provides in part: "[t]he court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper." Recently, a Missouri Appellate Court held:

> "Attorney's fees in favor of the defendant shall be the extremely rare exception, rather than the rule. Trial courts shall sparingly assess attorney fees against plaintiffs and only when the defendant demonstrates the plaintiff has pursued vexatious and frivolous claims that would warrant dismissal of the claims and sanctions pursuant to Rule 55.03."

*Arcese v. Daniel Schmitt & Co.*, 504 S.W. 3d 772, 770 (MO. App. 2016).

In addition, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonable incurred because of such conduct.

Here, the Court disagrees with defendant's assessment that plaintiffs' conduct in this litigation amounted to bad faith or that plaintiffs pursued vexatious and frivolous claims. The Court in this instance disagreed with plaintiffs on whether plaintiffs stated viable claims under the ICFA and the MMP. Simply

bringing a losing case does not warrant a fee award to the prevailing defendant. Despite the unsuccessfulness of plaintiffs' lawsuit, the Court cannot find that it was brought in bad faith or that plaintiffs pursued vexatious or frivolous claims. Thus, the Court finds that an award of attorney's fees is not warranted under the circumstances of this case.

## Conclusion

Accordingly, the Court **DENIES** defendant's motion for attorney's fees (Doc. 54).

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.05 14:28:22 -05'00'

**United States District Judge**